Wm. C. Thornton, plaintiff in error, vs. Thomas A. Pass, defendant in error.

In bail cases sounding *in tort*, the sum sworn to need not be endorsed upon the back of the writ; neither is it necessary that the plaintiff should swear to any particular sum, as damages, but to the facts as to the nature and extent of the injury which he has sustained. Neither is it any objection that the sum for which the Sheriff is directed to take bail, differs from that claimed in the writ.

Motion to discharge security on bail bond, from Terrell. Decision by Judge Kiddoo, May Term, 1858.

Pass commenced his action of trespass on the case against Johnson, and laid his damages at $2,000; he made an affidavit that he had thus commenced suit, and that he apprehended the loss of said sum, or some part thereof, unless the said Johnson was held to bail. One of the Justices of the Inferi-

Thornton vs. Pass.

or Court, under the Act of 1854, granted an order for bail in the sum of $700. On the back of the writ was endorsed, only, "Sheriff take good bail in the sum of $700." Thornton became security on Johnson's bond, and at Court moved to be discharged therefrom.

1st. Because there was endorsed on the back of the writ no sum sworn to.

2d. Because there was no sum sworn to at all in the affidavit for bail, and that without this, no bail writ could legally issue, nor could there be a legal arrest as under a bail process.

3d. Because the plaintiff, Pass, in said action, nowhere in said affidavit for bail, alleged any specific amount in which he had been endamaged, and no specific sum which he claimed to be due by reason of such damage, and that therefore, and for all these reasons, the said bail process was void.

4th. Because the sum in which the Sheriff was required to take bail of the defendant, was different from the amount sued for, and therefore, was no sufficient authority to the Sheriff to take bail.

The Court overruled the motion; whereupon, Thornton's counsel excepted and assign error.

DOUGLASS & DOUGLASS, for plaintiff in error.

WILLIAMS & HARPER; and C. B. WOOTEN, for defendant in error.

*By the Court.*—LUMPKIN J. delivering the opinion.

This was an action of trespass, and consequently, the bail taken in the case was not under the Judiciary Act of 1799, but at common law.

It was an aggravated case of assault and battery. Both bones of the left arm of the plaintiff are alleged to have been broken, besides other injuries being inflicted. The damages

Thornton vs. Pass.

are laid at $2,000 ; and the plaintiff, in his affidavit, sets forth all the facts, and states that he claims or has sued fo. that amount. The Judge or Justice directed bail to be taken for $700 only. .

A motion was made to dismiss the bail upon the grounds, 1st, that the sum sworn to was not endorsed upon the back of the writ; 2d. That no particular sum was sworn to; and 3d. Because the sum for which the Sheriff was directed to take bail, was different from that sworn to.

I would barely remark, that the second and third grounds are contradictory, namely: that no particular sum was sworn to, and the sum for which the Sheriff was directed to take bail, was different from that sworn to. But that is a small matter. The defendant in this case blends and confounds statutory and common law bail. By the Judiciary Act of 1799, the plaintiff swears to the amount which he claims; he files his affidavit in the Clerk's office, and bail process is annexed— the amount being endorsed upon the petition and process.

But at common law, before bail can be taken in cases of *tort*, the *fiat* of the Judge of the Superior or Justice of the Inferior Court must be had; and he prescribes the sum for which the bail is to be taken—forming his opinion from the facts sworn to by the applicant.

It will be seen, therefore, that the requisition that the *sum sworn to* shall be endorsed upon the writ, is inconsistent with the idea of bail at common law. And then, again, in statutory bail, the Sheriff or other arresting officer is commanded to take bond in double the sum sworn to; whereas, in bail at common law, he takes bond for the amount fixed by the Judge or Justice. The objection, then, that the sum sworn to was not endorsed upon the back of the writ, has no foundation.

Next, as to the oath of the plaintiff, not specifying any particular sum which he claims. He swears to the facts, and that he has laid his damages at $2,000. It is not necessary

that he should do more. It is for the Court, and not for the party, to regulate the sum for which bail shall be taken.

As to the last objection, that the sum for which the Sheriff was required to take bail being different from that sued for. Here, again, is the same confusion to which we referred in the outset. At common law, we repeat, it is the Judge, and not the party, who is to decide for what amount bail is to be taken, and to issue his mandate accordingly.

We hold the Court was right in refusing to discharge the bail.

If there could be any doubt that the Act of 1799, authorizing bail in cases of contract, did not apply to cases in *tort*, the Act of the 6th of February, 1854, *(Pamphlet, p. 40,)* would settle the question. That Act authorizes a Justice of the Inferior Court to grant the order to hold to bail in all cases *ex delicto*, or sounding in damages, whether the case be returnable to the Superior or the Inferior Court.

Statutory bail exists as a matter of right; but bail for *torts* is allowed only on an order of the Judge. *Tidd's Practice*, 171, 173, *old edition*.

Judgment affirmed.